IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO DISTRICT COUNCIL OF CARPENTERS PENSION FUND, CHICAGO DISTRICT COUNCIL OF CARPENTERS WELFARE FUND, et al. | ) ) ) ) ) | |
| Plaintiffs-Counter Defendants, | ) ) | Case No. 04 C 1562 |
| v. | ) ) | |
| F.H. PASCHEN/S.N. NIELSEN, | ) ) | |
| Defendant-Counter Plaintiff. | ) ) | |
| | ) | Wayne R. Andersen |
| F.H. PASCHEN, S.N. NIELSEN, INC., | ) ) | U.S. District Judge |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, BRIDGE STRUCTURAL AND REINFORCING IRON WORKERS DISTRICT COUNCIL, BRIDGE AND STRUCTURAL AND REINFORCING IRON WORKERS LOCAL NO. 1, and GATEWAY CONSTRUCTION CO., INC., | ) ) ) ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM, OPINION AND ORDER

Before the Court are the motions of Chicago District Council of Carpenters Pension Fund, Chicago District Council of Carpenters Welfare Fund, Chicago and Northeast Illinois District Council of Carpenters Apprentice and Trainee Program Fund, et al. ("Trust Funds") and

1

Chicago and Northeast Illinois District Council of Carpenters ("Carpenters' union") to dismiss the counterclaim and third-party complaint filed by F.H. Paschen, S.N. Nielsen, Inc. ("Paschen"). For the following reasons, the motions are granted in part and denied in part.

## BACKGROUND

On February 27, 2004, the Trust Funds filed a complaint against Paschen alleging violations of § 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132 and § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. Comp. ¶ 1. The Trust Funds and their various trustees seek to enforce their derivative rights as beneficiaries under a Collective Bargaining Agreement ("CBA") that was signed by Paschen and the Carpenters' union. Under the CBA, Paschen agreed to make benefit contributions to the Trust Funds for work performed by its employees on the Chicago Skyway Toll Bridge System. In the event Paschen subcontracted work within the Carpenters' jurisdiction to a firm that was not a signatory to the CBA, Paschen agreed to maintain work records of its subcontractor's employees and make benefit contributions to the Trust Funds for the work performed.

As outlined in the complaint, the Trust Funds allege that Paschen, in fact, breached the terms of the CBA by, *inter alia*, subcontracting work that was covered under the Carpenters' CBA to Gateway Construction Co., Inc. ("Gateway") and failing to submit contribution payments to the Trust Funds for work performed by Gateway's iron worker employees.

In response to the complaint, Paschen has filed its own three-count action, which it labels "Defendant/Counter-Plaintiff/Third-Party Plaintiff F.H. Paschen, S.N. Nielsen, Inc.'s Third-Party Complaint For Declaratory Judgment and Other Relief." In Count One, Paschen has filed an action for declaratory judgment against the Trust Funds, the Carpenters' union and the Bridge,

2

Structural and Reinforcing Iron Workers Local Union No. 1 ("Iron Workers Local Union No. 1") regarding the jurisdiction of the work that Paschen subcontracted to Gateway. The work in dispute is described by the parties as "the mechanical fastening of studs to vertical H-piles." *See* Third-Party Comp. ¶ 15. Paschen alleges in its complaint that this work has been "traditionally and variously performed by the Iron Workers." Third-Party Comp. ¶ 21. Paschen asks the Court to declare which union has a superior claim to the construction work that was performed by Gateway employees and to declare the rights and liabilities of the parties.

In Count Two, Paschen has sued Gateway requesting that, in the event there is a finding of liability against Paschen and in favor of the Trust Funds or in the event a settlement is reached by Paschen and the Trust Funds, Paschen would be entitled to a judgment against Gateway in an amount identical to the judgment.

In Count Three, Paschen has sued Gateway in a breach of contract action, alleging that Gateway breached its subcontracting agreement with Paschen by failing to perform its obligations with all labor unions, and seeking compensatory damages and attorneys' fees for the alleged breach.

On April 23, 2004, the Trust Funds filed a motion to dismiss Paschen's counterclaim and third-party complaint under Fed. R. Civ. P. ("Rule") 12(b)(6). The Carpenters' union joined the Trust Funds' motion. The motions to dismiss are now before the Court.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not

to decide the merits of the challenged claims but to test the sufficiency of the counterclaim and third-party complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). A court will only grant a motion to dismiss if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.2d 363, 368 (7th Cir. 2000).

## DISCUSSION

### I. Count One

In Count One, Paschen asks the Court to declare the rights and liabilities of the Carpenters' union and Iron Workers Local Union No. 1 with respect to the work that was performed by Gateway employees. In its 12(b)(6) motion, the Carpenters' union argues that, under Rule 14, the unions cannot be named third-party defendants because they are not parties who, under any conceivable theory, may be liable under the original claim. Under Rule 14(a), a defendant who believes that a third person is liable to him "for all or part of the plaintiff's claim against him" may sue that person as a third-party defendant. The crucial characteristic of a Rule 14 claim is that the original defendant is attempting to transfer his liability under the original claim to the third party. *See* 6 Fed. Prac. & Proc. Civ. 2d § 1446.

Here, the Carpenters' union and Iron Workers Local Union No. 1 are not parties who may be liable to the Trust Funds, the original plaintiff, or to Paschen, the third-party plaintiff. Because neither union may be liable for the benefit contributions in dispute in the underlying claim, we dismiss the unions from the third-party complaint.

Paschen has also named in Count One the Trust Funds as counter-defendants. In its 12(b)(6) motion, the Trust Funds argue that Rule 13 does not permit a counterclaim under the

4

facts of this case because Paschen's action for declaratory judgment does not "arise out of the transaction or occurrence that is the subject of the plaintiff's complaint." Mot. to Dismiss ¶ 8. Paschen's action for declaratory judgment, it is argued, is unrelated to the Trust Funds' original claim for benefit contributions. "The subject of [the Trust Funds'] complaint is simply the collection of contributions owed pursuant to the express terms of the defendant's agreement and nothing more." *Id.* ¶ 9.

On this point, we disagree with the Trust Fund's analysis. Paschen's action for declaratory relief is logically related to the issue of benefit contributions that is the subject of the underlying lawsuit. Under the "logical relationship" test that has been adopted by the Seventh Circuit for deciding whether a counterclaim arises out of the same transaction for purposes of Rule 13(a), we agree that a logical relationship exists. *See Burlington N. R. Co. v. Strong*, 907 F.2d 707, 711 (7th Cir., 1990). However, in this case, when the Court has dismissed the unions, the Trust Funds cannot remain as the sole party in an action that seeks adjudication of others' rights and liabilities. We believe the unions are indispensable parties to Paschen's action for declaratory judgment and that, without the unions' proper standing before the Court, the claim fails. Because we have already dismissed the Carpenters' union and Iron Workers Local Union No. 1 as defendants, we also grant the motion to dismiss the Trust Funds.

We note that the Court's dismissal of Count One does not change the Trust Funds' burden of showing in the underlying suit that the subcontracted work falls within the union's jurisdiction. Under the express language of the Commercial Area Agreement ("Agreement") signed by the Carpenters' union and Paschen, a jurisdictional dispute regarding covered work is subject to arbitration under Section 18 of the Agreement. Any future right to collect fringe

benefit contributions by the Trust Funds is contingent on a determination by the mandatory arbitration panel that the disputed work performed by Gateway's employees was covered under the Carpenters' Area Agreement.

## II.   Counts Two and Three

In Counts Two and Three, Paschen names Gateway as a third-party defendant in indemnity and breach of contract actions. As noted above, under Rule 14(a), a defendant who believes that a third person is liable to him "for all or part of the plaintiff's claim against him" may sue that person as a third-party defendant. A third-party claim is appropriate under Rule 14 when the original defendant is attempting to transfer his liability in the original claim to the third party.

Under Rule 14, Gateway may be named as a third-party defendant in both Counts Two and Three. In Count Two, Paschen is asserting that, if it is found liable for benefit contributions in the underlying suit, under the terms of its subcontracting agreement, Gateway must indemnify Paschen for any contributions owed. Here, a third-party claim against Gateway is appropriate because, if the claim is successful, Gateway is liable for the original claims against Paschen.

Similarly, in Count Three, Paschen is suing Gateway for breach of contract and asking for compensatory damages equal to the benefit contributions it may owe the Trust Funds in the underlying lawsuit. Here, again, a third-party claim against Gateway is appropriate under Rule 14 because, if successful, Gateway is liable for the original claims against Paschen.

We also note that in its 12(b)(6) motion, the Trust Funds argue that the claims filed by Paschen on April 6, 2004 are procedurally defective because, as required under Rule 14, they were not filed within ten days of the original answer. The original answer was filed on March

6

23, 2004. Rule 6, however, computes the ten-day time period to exclude weekends and holidays. Thus, Paschen's claim against Gateway, the only remaining third-party defendant, is timely filed when computed under Rule 6. Accordingly, Counts Two and Three naming Gateway in indemnity and breach of contract actions stand.

## CONCLUSION

For the foregoing reasons, the motions to dismiss [12-1, 2] [14-1, 2] are granted in part and denied in part. We grant the motions to dismiss the Carpenters' union, Iron Workers Local Union No. 1, and Trust Funds from the third-party complaint and counterclaim and deny the motion to dismiss Gateway from the third-party complaint. Because we have dismissed the Iron Workers Local Union No. 1 from this lawsuit, we deny its motion to stay proceedings pending arbitration [39-1].

This case is set for status on April 28, 2005 at 9:00 a.m. It is so ordered.

_____
Wayne R. Anderson
United States District Judge

Dated: March 31, 2005